(602 P.2d 544)

No. 49,979

GEORGE ALEXANDER, *Appellant,* v. STATE DEPARTMENT OF SOCIAL AND REHABILITATION SERVICES OF KANSAS, *Appellee.*

Opinion filed November 16, 1979.

*Sheila Schrepel,* of Legal Services for Senior Adults, of Arkansas City, for the appellant.

*Charles V. Hamm* and *Donald A. Frigon,* of State Department of Social and Rehabilitation Services, of Topeka, for the appellee.

Before FOTH, C.J., SWINEHART and MEYER, JJ.

SWINEHART, J.: This is an appeal from an order of the district court of Sumner County denying plaintiff George Alexander's motion to restore his appeal from an adverse decision of the Appeals Committee of the State Department of Social and Rehabilitation Services of Kansas to the district court's docket because his counsel did not receive a notice of hearing on the motion. On appeal the plaintiff argues that the failure to so notify his attorney of record denied him due process and equal protection of the law.

On December 19, 1975, the State Appeals Committee of S.R.S. sustained an earlier decision of the Wellington District Office denying George Alexander's petition for excess shelter costs in the amount of $505.64. The plaintiff appealed this decision on January 16, 1976, to the district court of Sumner County. The matter was scheduled for hearing on October 18, 1976, at which time the court dismissed the action with prejudice because plaintiff did not perfect his appeal as required by K.S.A. 1978 Supp. 60-2101 in that he failed to have prepared and filed with the district court true copies of all relevant proceedings before S.R.S. and also failed to pay the required docket fee. Alexander had not been represented by counsel up to this point.

On November 5, 1976, the plaintiff filed a motion through counsel Tom L. Schwinn for an order reversing, vacating or

otherwise modifying the October 18 order and for additional time to properly perfect his appeal. Although originally set for hearing on November 15, 1976, the matter was continued several times. On August 16, 1977, the court clerk notified plaintiff, Schwinn and defendant's counsel that the hearing was set for September 2, 1977. The plaintiff notified the court prior to September 2 that Schwinn was no longer representing him. In addition, prior to September 2 Schwinn also notified the court and defendant's counsel that he had been dismissed by the plaintiff and that he had written plaintiff advising him to retain other counsel for the hearing. On September 2, however, the plaintiff appeared without counsel and again advised the court that Schwinn was not representing him. He further stated that he was securing another attorney and asked for a continuance. Mr. Schwinn was not present on this date. The court then granted a continuance to allow plaintiff to secure new counsel.

The clerk notified Michael Moline, attorney for S.R.S., and plaintiff by mail on September 20, 1977, that by order of the court the case would be heard on October 5, 1977. At Moline's request, the case was continued until October 7, 1977, and Moline so notified Alexander. However, Mr. Schwinn was not mailed a copy of either notice, nor had he filed any motion for withdrawal.

The plaintiff appeared pro se at the October 7, 1977, hearing. At the hearing, the court asked plaintiff whether he was represented by counsel and plaintiff stated that Schwinn had ceased handling the case six to eight weeks earlier. Plaintiff further informed the court that he had not secured other counsel, although he had made several attempts to do so. The court then entered judgment denying plaintiff's motion for reinstatement because plaintiff again failed to file a transcript of hearing and other pleadings required under K.S.A. 1978 Supp. 60-2101.

On February 1, 1978, plaintiff filed a motion through Tom Schwinn to reinstate the case to the docket. He alleged that he had been denied due process and equal protection under the Fourteenth Amendment because Schwinn had not been served with a notice of the October 7, 1977, hearing as required by K.S.A. 60-205(b), and that Schwinn had not been relieved of his duties by court order nor had plaintiff been served a notice of withdrawal as required by Rule No. 117, 224 Kan. lxii. The court denied the motion. Additionally, the trial court found plaintiff

failed to appeal within the proper time from the October 7, 1977, order and that the motion to restore the case to the docket did not extend the time to appeal and was not a substitute for, nor an alternative to, an appeal.

On appeal the plaintiff contends that the October 7, 1977, action denied him due process and equal protection of the law because his attorney of record was not notified of the hearing on the motion for reinstatement as required by K.S.A. 60-205(*b*) and because he had not been served with a notice of withdrawal by his attorney as provided in Supreme Court Rule No. 117, 224 Kan. lxii.

K.S.A. 60-205(*b*) provides:

"Whenever under this article service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party himself is ordered by the court."

Supreme Court Rule No. 117 reads as follows:

"WITHDRAWAL OF ATTORNEY. An attorney who has appeared of record in any proceeding may withdraw; but he shall be relieved of his duties to the court, his client, and opposing counsel only when he has served a motion for withdrawal on the client and on opposing counsel, filed a copy of the motion and proof of the service thereof with the clerk, and the judge has entered an order approving the withdrawal. No such order shall be required if another attorney authorized to practice law in this state is appearing of record to represent the client."

K.S.A. 60-205(*b*) allows the court to order service upon a party, rather than upon his attorney. Here in its March 15, 1978, journal entry, filed April 4, 1978, the court noted that based upon the representations made by the plaintiff on September 2, 1977, *i.e.,* that his attorney of record Tom Schwinn no longer represented him, the court had ordered that notice of the October 7 hearing to restore the appeal be served upon the plaintiff. Therefore, we find that the trial court properly complied with the provisions of K.S.A. 60-205(*b*) by ordering service of notice of the motion upon the plaintiff. This finding obviates any consideration of plaintiff's argument regarding Supreme Court Rule No. 117, 224 Kan. lxii. Consequently, the plaintiff's allegations that he was denied due process and equal protection of the laws are without merit.

Judgment is affirmed.